PER CURIAM.
A genuine issue of material fact remains as to whether the appellees, Hilger and Hino, can be individually liable on the specific performance count. We reverse that portion of the final judgment finding Hil-ger and Hino not individually liable on the specific performance count because that count was never litigated at trial. In entering the final judgment, the trial court modified that portion of the previously entered partial summary judgment which found Hilger and Hino individually liable on this count. In our view, at the conclusion of the hearing on the motion for summary judgment, a genuine issue of material fact remained as to whether Hilger'and Hino could be held individually liable on the specific performance count. Therefore, we also reverse that portion of the partial summary judgment finding Hilger and Hino individually liable on this count.
Since we reverse those portions of the partial summary judgment and the final judgment disposing of this issue, we remand for a trial to determine whether Hil-ger and Hino may be held individually liable on the specific performance count. In all other respects the final judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
GLICKSTEIN and GUNTHER, JJ., and ROBINSON, STEVEN D., Associate Judge, concur.